Seymour Lakbitz, J.
This is an action involving a rent overcharge. It involves a six- and a-half-room apartment.
In November, 1966, the plaintiff moved into this apartment, which rental included central heating, hot and cold running water, refrigerator, stove, electric and gas services furnished to the tenant. The tenant paid the rental of $125 per month for the period from November, 1966 to April 15, 1967, at which time the rent was increased to $140 per month, which sum was paid each month up to and including February 1, 1968.
The landlord filed a statutory decontrol report on the grounds that this apartment had been owner occupied. The same case was received under Docket No. 2DR13408 on August 15, 1966. Thereafter, and by order, under Docket No. 2AD25613, issued August 23, 1968, the landlord’s report of statutory decontrol hereinabove set forth was revoked, and the rent fixed, effective September 1, 1965, at $36 per month.
In checking the Rent Commission file which was in evidence, the order of decontrol was revoked because one Doris Blake allegedly lived as a tenant in this apartment for a period of three months prior to February, 1966. On the basis that there was more than single occupancy, the decontrol order was revoked. However, it is interesting to note that in the rent office file there is a judgment rendered by Judge Lewis S. Flagg, Jr., dated March 2, 1966, rendering final judgment of possession of the premises in question (the rooms allegedly lived in by the said Doris Blake) to the landlord on the grounds that the said Doris Blake is a squatter (emphasis supplied). This court cannot understand, therefore, how this “tenancy” could be grounds for the revocation of the decontrol order. Thereafter, and in *227 pursuance of information obtained in the file in evidence, the court, on its own, contacted the rent office in Brooklyn to determine if the entire file in connection with the apartment in question was before the court, and was advised that there was another proceeding affecting this apartment which superseded the order which had been introduced into evidence as part of the plaintiff’s case.
In the interest of justice, the court contacted the attorney for the plaintiff and the defendant in person, since the defendant was self-represented, and set this matter down for further evidence to be introduced.
With the consent of the plaintiff and on behalf of the defendant, the court moved to open the trial for the purpose of introducing further evidence. It Avas stipulated that the rent office had entered a further order under Docket No. 2AD32896 dated August 5,1969, establishing the ceiling rental for the apartment in question at $45.80, effective March 22, 1965.
The plaintiff herein removed from the apartment sometime during the month of February, 1968, and did not institute this proceeding until sometime in October or November of 1968, six or seven months after he had left the premises.
While courts are loath to interfere with determinations of administrative agencies made in good faith, they have by no means abdicated their judicial responsibility to review and pass upon administrative action claimed to be arbitrary and without foundation in fact or in law (1 N. Y. Jur., Administrative Law, § 165). It would appear that where the rent office has made a patent mistake in law, this court should have some power of review. If an administrative agency’s acts are arbitrary and capricious, the cases are legion holding that a court has a right of review. Matter of Joseph Burstyn, Inc. v. Wilson (278 App. Div. 253, 260, affd. 303 N. Y. 242, 256) held: Under the
familiar rule applicable to all administrative proceedings, we may not interfere unless the determination made was one that no reasonable mind could reach. ’ This rule applies to the courts and not to administrative agencies (Matter of Foy Productions, Ltd. v. Graves, 253 App. Div. 475, affd. 278 N. Y. 498).” While most of the holdings deal with an article 78 proceeding for review of an administrative agency’s determination, the court finds it most difficult to believe that this is the only time when a review of an agency’s acts might be had. Especially must the court be entitled to rectify a mistake of law such as seemingly was made here. While the court should not speculate, the court can take judicial notice of the fact that many of the employees in the local rent office are laymen, who are not trained *228 in the law. It is quite possible, therefore, that the person responsible for recalling the order of decontrol was not aware of the legal significance of the ruling made by Judge Flagg adjudicating Doris Blake to be a squatter. That conclusion must be reached because an attorney would have known that a ‘ ‘ squatter ’ ’ is not a legal tenant nor does such an occupancy create a legal occupancy when it occurred without the consent of the landlord; further, that such illegal occupancy should not be the basis for a determination that there was more than single-family occupancy in the six- and a-half-room apartment rented to the plaintiff tenant herein. If "that conclusion must be reached, then an inference must flow therefrom that had the local rent office understood the legalities involved, they could not have reached the conclusion which was reached and the decontrol order would not have been withdrawn.
Accordingly, this court finds that the local rent office acted in legal error when it withdrew the order of decontrol; that therefore the order of decontrol should remain in force and that consequently there could have been no overcharge of rent to this plaintiff.
Judgment rendered in favor of the defendant dismissing the complaint.